Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 5846 | DATE | 3/27/2001 |
| CASE TITLE | IBEW LOCAL 176 vs. BALMORAL RACING CLUB, ET AL | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) □ Filed motion of [ use listing in "Motion" box above.]
(2) □ Brief in support of motion due _____.
(3) □ Answer brief to motion due_____. Reply to answer brief due_____.
(4) □ Ruling/Hearing on _____ set for _____ at _____.
(5) □ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) □ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) □ Trial[set for/re-set for] on _____ at _____.
(8) □ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) □ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
□ FRCP4(m)  □ General Rule 21  □ FRCP41(a)(1)  □ FRCP41(a)(2).
(10) ■ [Other docket entry]  **Motion (8-1) for summary judgment is granted. Motion (11-1) for summary judgment is denied. Defendant is compelled to arbitration.**
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | Document Number |
| | No notices required. | | |
| | Notices mailed by judge's staff. | MAR 2 8 2001 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS ("IBEW"), LOCAL 176,<br><br>Plaintiff,<br><br>v.<br><br>BALMORAL RACING CLUB, INC. and BALMORAL PARK TROT, INC.,<br><br>Defendants. | No. 98 C 5846<br>Judge James B. Zagel  |

## MEMORANDUM OPINION AND ORDER

This is the second time I have had these parties and this dispute before me. *IBEW Local 176 v. Balmoral Racing Club, Inc.*, 1998 WL 355531 *1, No. 96 C 7658 (N.D. Ill. 1998). And again, the parties agree on all material facts and have filed cross-motions for summary judgment. The facts have not changed much since the last dispute, and I quote liberally from my previous opinion.

A chapter of the electricians' union, IBEW Local 176 ("Local 176") seeks to compel Balmoral Racing Club and Balmoral Park Trot (collectively "Balmoral") to submit to arbitration pursuant to Local 176's employment contract. Local 176 and Balmoral have for some time been parties to a collective bargaining agreement ("CBA") covering the electricians at the race track. Balmoral operates off-track betting parlors, and for a number of years contracted with World Wide Broadcasting ("World Wide") to televise its races. World Wide and Local 176 had a separate agreement to cover the camera workers at Balmoral.

In September of 1996, the camera workers honored the picket line of another union. World Wide could not provide services so Balmoral started using its own non-union employees to do the work. Local 176 objected and Balmoral agreed, on a temporary basis, to use the camera workers who had been used by World Wide and to treat them under the terms of the World Wide-Local 176 agreement. During this temporary period, Local 176 and Balmoral were to meet to try to work out their differences which arose from the fact that Balmoral was unwilling to accept permanently the terms of the union's agreement with World Wide.

No agreement was reached during discussions. Then Local 176 took the position that no further negotiation or agreement was needed because the existing agreement between Balmoral and Local 176 covering electricians also applied to the camera workers. Balmoral denied this. At this point the former World Wide camera people were let go and replaced with non-union camera workers who do not seek representation by Local 176.

Local 176 filed a grievance challenging the termination and replacement of Local 176 workers and the failure to pay wages and fringe benefits as required by the CBA. Balmoral said that it had no contractual obligation to consider or arbitrate the grievance. Local 176 seeks a court order to require Balmoral to arbitrate the grievance.[1]

Balmoral agrees that arbitration is required by the CBA, but only if camera workers fall within the scope of the contract. Balmoral says its agreement with Local 176 covers electricians, not camera workers. It makes two points: 1) camera workers do not fall within the bargaining

---

[1] Arbitrability of a dispute is a question for this court and not for the arbitrator. See *AT&T Tech., Inc. v. Communications Workers of America*, 475 U.S. 643 (1986).

unit defined in Sections 2.02 and 5.04 of the CBA; and 2) if camera workers are within the bargaining unit, their work is not covered by Section 2.03 of the CBA.

Section 2.02 says the employer agrees to recognize the Union as the exclusive bargaining representative for all employees who fall under Section 5.04. Section 5.04 mentions Apprentices, Foremen and General Foremen. Balmoral says this excludes camera workers because the classifications of Apprentices, Foremen and General Foremen have no meaning to camera workers. I do not read Section 5.04 as definitively excluding camera workers from its scope. Balmoral's conclusory assertion that the terms Apprentices, Foremen and General Foreman cannot possible apply to camera workers is unsubstantiated, and therefore, I am not persuaded.

Section 2.03 provides more detail; it defines the kind of work covered by the CBA. Both sides agree that the work specifically mentioned in Section 2.03 does not include camera work. But, the Union relies on the catch-all provision; section 2.03(a) says the work covered by the contract includes "such other work as by custom has been performed by members of the IBEW when determined to be within the Inside branch in accordance with Section (c) below." Section 2.03(c) says that jurisdiction is determined solely by the International President and that Balmoral agrees to be bound by the President's determination. I granted Balmoral's motion for summary judgment in the earlier case because the President had made no such determination prior to the grievance; therefore, the catch-all did not apply. In this case, Local 176 filed the grievance after the President issued his finding, so the Union asks me to compel arbitration.

There is no dispute that the President wrote, "yes, cameramen are under the jurisdiction of the IBEW and Local 176." Plaintiff's Exh. 39. There is no dispute that Balmoral is bound by

3

the President's determination. But, says Balmoral, there are five branches to the IBEW: the Inside Electrical Workers, the Outside and Utility Workers, the Communications Workers, the Railroad Electrical Workers and the Electrical Manufacturing Workers. The catch-all only applies to work "determined to be within the Inside branch."

In his letter, President Barry quoted Article XXVII, Section 6(a) of the IBEW Constitution in full. He then stated that the "IBEW and its local unions represent cameramen in all facets of video production." In conclusion, he wrote, "To simplify my answers, yes, cameramen are under the jurisdiction of the IBEW and Local 176." Section 6(a) of the Constitution applies to the Communications branch, not the Inside branch. So, according to Balmoral, the President did not determine that the camera work was within the Inside branch, but that it was within the Communications branch. If it is not within the Inside branch, it cannot fall within the catch-all and Balmoral is not obligated to arbitrate.

I agree that the catch-all only applies to work within the Inside branch; Section 2.03(a) means what it says. I suppose if President Barry had not provided any detail and only said, "yes cameramen are under IBEW and Local 176 jurisdiction," Balmoral would be stuck. In a sense, Balmoral is arguing that President Barry has pled Local 176 out of the catch-all by referencing a section that refers to the Communications branch. But Barry didn't say camera work was within the Communications branch, and he didn't say it was within the Inside branch. Instead, he offered Section 6 as evidence for his conclusion that cameramen are covered, without reference to any specific branch. In addition to quoting Section 6, he made observations based on

experience: "Our members are also the cameramen for numerous in-house closed circuit productions at major sports arenas."

The correctness of Barry's decision is not for me to decide; the parties bargained for the conclusive effect of his decision. It is possible to limit Barry's jurisdictional opinion to the Communications branch; but it is also possible to read it as a broad statement of jurisdiction. As Local 176 points out, he was given all relevant materials and there is no reason to believe he did not consider the issue. I assume he understood the question asked of him and understood what Local 176 did (according to Lynn Fieldman, Business Manager for Local 176, all of its business is in the Inside branch). Barry concluded that cameramen are under Local 176 jurisdiction, so I assume he found camera work to be within the Inside branch, notwithstanding his apparent reliance on a Communications branch provision.

The catch-all provision of Section 2.03(a) applies; camera work is work covered by the agreement. Therefore, the parties must arbitrate their disputes over the former World Wide employees. I decline to address Local 176's alternative arguments. They go beyond the scope of determining arbitrability, which is all I should decide. I also deny Local 176's request for an injunction pursuant to Section 1.09 for the same reasons I denied it the first time; nothing has changed since then.

## Conclusion

I grant Local 176's motion for summary judgment [8-1]. I deny Balmoral's motion for summary judgment [11-1]. Defendant is compelled to arbitration, terminating the case.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: MAR 2 7 2001